13-1926-cv
St. Onge v. Unum Life Ins. Co. of Am.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand fourteen.

PRESENT:  REENA RAGGI,
                     GERARD E. LYNCH,
                                *Circuit Judges,*
                     COLLEEN McMAHON,
                                *District Judge.*[*]

------------------------------------------------------------------------
JOANNE ST. ONGE,
                                *Plaintiff-Appellant*,


                     v.                                                No. 13-1926-cv


UNUM LIFE INSURANCE COMPANY OF AMERICA,
ALLMERICA FIN VOLUNTARY EMP, BENEFIT
PLAN,
                                *Defendants-Appellees.*
------------------------------------------------------------------------


APPEARING FOR APPELLANT:        RYAN P. BARRY, Barry & Barall LLC, Manchester, Connecticut.

---

[*] The Honorable Colleen McMahon, of the United States District Court for the Southern District of New York, sitting by designation.

1

APPEARING FOR APPELLEES:     PATRICK W. BEGOS, Begos Brown & Green LLP, Southport, Connecticut, *for Defendant-Appellee Unum Life Insurance Company of America*.

Appeal from a judgment of the United States District Court for the District of Connecticut (Alfred V. Covello, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 11, 2013, is AFFIRMED**.**

Plaintiff Joanne St. Onge challenges the award of summary judgment in favor of defendant Unum Life Insurance Company of America ("Unum"), asserting that Unum's decision as administrator of the Allmerica Financial Voluntary Employees Benefit Plan ("Plan") finding St. Onge not disabled was arbitrary and capricious because Unum (1) abused its discretion by selectively reviewing the administrative record, (2) committed legal error by applying the lifting standards of a sedentary level position, and (3) was affected by a conflict of interest.

Under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., "we review the district court's grant of summary judgment based on the administrative record de novo and apply the same legal standard as the district court." Hobson v. Metro. Life Ins. Co., 574 F.3d 75, 82 (2d Cir. 2009). "[A] plan administrator's underlying benefits determination is reviewed de novo unless, as here, the plan grants the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Miles v. Principal Life Ins. Co., 720 F.3d 472, 485 (2d Cir. 2013)

2

(citing <u>Firestone Tire & Rubber Co. v. Bruch</u>, 489 U.S. 101, 115 (1989)).  Thus, we may upset Unum's determination that St. Onge was not disabled only if it was "arbitrary and capricious," <u>i.e.</u>, if it was "without reason, unsupported by substantial evidence or erroneous as a matter of law."  <u>Id.</u> at 485–86 (internal quotation marks omitted).  In so reviewing, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.     <u>Unum's Review of the Record</u>

St. Onge asserts that Unum abused its discretion in determining that she was not disabled by ignoring evidence favorable to her claim and misconstruing the record.  We disagree.

To determine whether Unum's decision is supported by substantial evidence, we ask whether there is "such evidence that a reasonable mind might accept as adequate to support the conclusion reached by the administrator[, which] requires more than a scintilla but less than a preponderance."  <u>Durakovic v. Bldg. Serv. 32 BJ Pension Fund</u>, 609 F.3d 133, 141 (2d Cir. 2010) (internal quotation marks omitted).  "[W]e are not free to substitute our own judgment for that of the insurer as if we were considering the issue of eligibility anew."  <u>Hobson v. Metro. Life Ins. Co.</u>, 574 F.3d at 83–84 (internal quotation marks and alterations omitted).

The district court correctly determined that Unum conducted a thorough review of St. Onge's medical records, which provided ample support for its non-disability

3

determination. Notably, Unum sought opinions from two independent, board-certified physicians, including Dr. Richard Kaplan, who stated that St. Onge was not disabled. In reaching this conclusion, Dr. Kaplan, a physiatrist, reviewed records, MRI, EMG, and other test results, and consulted with St. Onge's treating physician, Dr. Paula Cullinane. Further, Unum commissioned an independent testing agency to conduct a functional capacity evaluation ("FCE"), which found St. Onge capable of functioning in the light physical demand category for a full eight-hour work day. Unum also relied on its vocational department's determination that St. Onge could perform her job duties despite her back troubles. Viewed as a whole, this was sufficient evidence to support Unum's rejection of St. Onge's disability claim. See Durakovic v. Bldg. Serv. 32 BJ Pension Fund, 609 F.3d at 141.

In urging otherwise, St. Onge argues that Unum deliberately ignored competing evidence, including the opinion of Dr. Cullinane. To the contrary, Dr. Cullinane's opinion was consistent with Unum's ultimate decision as she indicated that St. Onge could perform her job so long as she was not required to lift more than ten pounds, an accommodation that Unum and Allmerica, her employer, were willing to provide. In any event, Unum was not required to give the treating physician's opinion "special weight," particularly where independent, reviewing physicians disagreed. Black & Decker Disability Plan v. Nord, 538 U.S. 822, 834 (2003).

Nor did Unum improperly reject St. Onge's subjective complaints of severe pain and side effects from medication. Subjective claims of disability are an "important factor to be considered in determining disability" and may not be rejected out of hand. Miles v. Principal Life Ins. Co., 720 F.3d at 486 (internal quotation marks omitted). But so long as a plan administrator provides "'adequate notice in writing . . . setting forth the specific reasons for such denial,'" it may reject subjective complaints. Id. (quoting 29 U.S.C. § 1133(1)) (alteration in original).

Here, Unum addressed, but ultimately found unpersuasive, St. Onge's subjective complaints. For instance, Unum referenced the findings of Dr. Alain Couturier, a board certified doctor in occupational medicine, who acknowledged that St. Onge's MRI and EMG tests indicated that pain "may be present." Dr. Kaplan's findings, however, which Unum incorporated into its denial of St. Onge's appeal, expressly rejected the severity of St. Onge's subjective complaints of pain and problems with medication as inconsistent with her continued driving, attending physician reports, and other portions of her medical history. Thus, Unum did not dismiss St. Onge's complaints merely because they were subjective, but rather properly considered and rejected them for specific reasons supported by the record. See id. at 487 (stating that plan administrator "must do more than simply point to the subjective nature of the evidence when denying his claim[, i.e.,] either assign some weight to the evidence or provide a reason for its decision not to do so").

Finally, St. Onge's disputes over the FCE are insufficient to upset Unum's disability ruling. Unum was not obligated to request <u>any</u> independent medical examination, <u>see</u> <u>Hobson v. Metro. Life Ins. Co.</u>, 574 F.3d at 90–91, so its decision to commission an FCE in direct response to Dr. Kaplan's suggestion that one would provide useful information was not unreasonable, cf. <u>Kosiba v. Merck & Co.</u>, 384 F.3d 58, 67 (3d Cir. 2004) (criticizing employer's intervention in administrative appeal and request for additional medical evaluation where all other evidence supported disability finding). St. Onge's challenges to the substance of the FCE, including her reliance on Dr. Cullinane's conflicting opinions, are also not persuasive. The FCE is a four-hour exam designed to predict a person's capacity for physical exertion. It is therefore irrelevant that, during the actual test, St. Onge was not asked to perform the specific tasks that later might be required. The test results, adopted by Dr. Kaplan, were sufficiently objective and reliable to enter into Unum's ultimate decision. <u>See</u> <u>Hobson v. Metro. Life Ins. Co.</u>, 574 F.3d at 83–84 (stating that "we are not free to substitute our own judgment for that of the insurer" (internal quotation marks and alteration omitted)).

Accordingly, we reject St. Onge's factual challenges to Unum's finding that she was not disabled.

2.  <u>Light Level Work Versus Sedentary Occupation</u>

St. Onge asserts that Unum committed legal error by improperly applying the criteria of a Claims Examiner—a sedentary position that requires a worker occasionally to

6

lift 10 pounds—when her actual job duties corresponded to that of a Claims Adjustor, which was a light level work occupation that required the ability to lift 20 pounds. We are not persuaded.

First, assuming arguendo that St. Onge's job qualified as a Claims Adjustor, the FCE found her capable of performing those duties. St. Onge notes that during the FCE, she never actually lifted 20 pounds, but the FCE ultimately concluded that she was capable of doing so.

Second, even if we were to identify any error in Unum's reliance on the FCE, it is irrelevant whether St. Onge's position was classified as light level or sedentary because Unum and Allmerica established that St. Onge was not disabled within the meaning of the Plan. The Plan defined long term disability to include the inability to perform "material and substantial duties," which in turn were defined as those that "cannot be reasonably omitted or modified." Plan, Glossary 2, Sealed App. 1474. In September 2005, in accordance with the initial recommendation of Dr. Cullinane, Unum offered, and Allmerica agreed, to cap St. Onge's lifting obligations at ten pounds. St. Onge and Dr. Cullinane rejected this accommodation, instead asserting that she could not work because of her 45-minute commute. Thus, regardless of whether St. Onge's job qualified as light level or sedentary, Unum did not commit legal error.

3.    Conflict of Interest

Finally, St. Onge asserts that the conflict of interest created by Unum's status as the entity that both determines eligibility and pays disability claims rendered its decision arbitrary and capricious.

Such conflicts "are but one factor among many that a reviewing judge must take into account" in reviewing a plan administrator's denial of benefits. Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105, 116 (2008). "Following Glenn, a plan under which an administrator both evaluates and pays benefits claims creates the kind of conflict of interest that courts must take into account and weigh as a factor in determining whether there was an abuse of discretion, but does not make de novo review [of the administrator's decision] appropriate." McCauley v. First Unum Life Ins. Co., 551 F.3d 126, 133 (2d Cir. 2009). "The weight properly accorded a Glenn conflict varies in direct proportion to the likelihood that the conflict affected the benefits decision . . . ." Durakovic v. Bldg. Serv. 32 BJ Pension Fund, 609 F.3d at 139 (internal quotation marks and alteration omitted).

We agree with the district court that there is no evidence that the conflict affected the disability decision, and, therefore, that this factor warranted little, if any, weight in determining whether Unum's decision was arbitrary and capricious. For instance, St. Onge put forth no evidence that Unum "has a history of biased claims administration." Metropolitan Life Ins. Co. v. Glenn, 554 U.S. at 117. Further, Unum employed numerous independent physicians and vocational evaluators, commissioned an FCE conducted by an

8

independent company, and consulted with St. Onge and her treating physician. We will not construe a plan administrator's decision to seek clarification and gather further evidence as evidence of bias.

For these reasons, we reject St. Onge's claim that a conflict of interest affected Unum's disability determination.

We have considered St. Onge's remaining arguments and conclude that they are without merit. We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

9